IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LONNIE JONES, on behalf of himself and others similarly situated, *et al.*, | : | CASE NO.: 21cv-1830 |
| *Plaintiffs*, | : | JUDGE MORRISON |
| v. | : | MAGISTRATE JUDGE JOLSON |
| CONVERSE ELECTRIC, INC., | : | |
| *Defendant*. | | |

## **OPINION & ORDER**

Named Plaintiff Lonnie Jones brings this unpaid overtime suit primarily as a collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § § 201, *et seq.*, as amended ("FLSA"), and as a Rule 23 class action under Ohio's wage and hour laws. (ECF No. 1.) The matter is before the Court for consideration of Plaintiff's Pre-Discovery Motion for Conditional Certification and Court-Authorized Notice. (ECF No. 11.) Defendant Converse Electric, Inc. opposes the Motion (ECF No. 15), and Plaintiff has replied. (ECF No. 16.) Being fully advised, the Court **GRANTS** the Motion (ECF No. 11.)

I.     BACKGROUND

The following facts are drawn from Jones' Complaint (ECF No. 1) and the declarations filed in support of his Motion. (ECF Nos. 11-1, 11-2, 12-1.)

Converse employed Jones as a warehouse technician from March 2017 to January 2021. (ECF No. 11-1,¶ 1.) In that hourly position, Jones completed

1

"shipping and receiving of electrical equipment and materials," performed "electrical work", and delivered parts to job sites. *Id.* ¶ 3. He alleges that although he regularly worked more than 40 hours per week, Converse underpaid him due to its willful failure to include a cell phone reimbursement in his regular rate and to pay for him lunch breaks. *Id.* ¶ ¶ 12-23, 33. Jones is aware that other Converse employees were subject to the same company-wide pay policies and practices. *Id.*, ¶ ¶ 5, 6, 22. Jones supports his allegations with his declaration, as well as the declarations of Ted Geanis and David Giddens.

Geanis worked for Converse from September 2013 to March 2020 as a hourly service electrician for the first four years and as a salaried safety and training coordinator for the remainder. (ECF No. 11-2, ¶ ¶1-3.) He worked more than forty hours per week in both positions. During his employment, he interacted with other hourly employees on a regular basis. *Id.* ¶ ¶ 4-8. Those interactions gave him personal knowledge of Converse's company-wide pay policies and procedures for lunch breaks. *Id.* He stated those policies and procedures resulted in hourly employees being underpaid for work performed. *Id.* ¶ ¶ 10-20.

Giddens worked for Converse from 1990 until March 2021 as an electrical superintendent. (ECF No. 12-1, ¶ 1.) He performed electrical work on commercial job sites. He, too, worked more than forty hours a week. *Id.*, ¶ 4, 9. He regularly communicated with fellow hourly employees. *Id.*, ¶ 3, 5-6. He said Converse's company-wide cell-phone reimbursement and lunch break pay policies and procedures yielded insufficient pay for hourly employees. *Id.*, ¶ ¶ 8-25.

Jones' April 2021 Complaint seeks collective and class certification under federal and state wage laws. (ECF No. 1.) Jones also asserts individual claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and Ohio Revised Code Chapter 4112 *et seq.* for disability. *Id.* Converse denies all claims. (ECF No. 3.)

## II. STANDARD OF REVIEW

The FLSA requires employers to pay their employees "a wage consistent with the minimum wage . . . and instructs employers to pay employees overtime compensation, which must be no less than one-and-one-half times the regular rate of pay, if the employee works more than forty hours in a week." *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015) (internal citations and quotations omitted). "'Congress passed the FLSA with broad remedial intent' to address 'unfair method[s] of competition in commerce' that cause 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Monroe v. FTS USA, LLC*, 860 F.3d 389, 396 (6th Cir. 2017) (quoting *Keller*, 781 F.3d at 806). To further that goal, § 216(b) provides:

> Any employer who violates the provisions of [29 U.S.C. §§ 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

3

"The lead plaintiff bears the burden of showing that the proposed class members are similarly situated to the lead plaintiff." *Casarez v. Producers Serv. Corp.*, No. 2:17-cv-1086, 2018 U.S. Dist. LEXIS 88370, at *4 (S.D. Ohio May 25, 2018) (Sargus, J.).

The Court uses a two-step analysis to determine whether plaintiff meets his burden to establish that he is similarly situated to the putative collective action members. *Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016) (Marbley, J.). The first step, conditional certification, is conducted at the beginning of the discovery process. In keeping with the FLSA's remedial purpose, "the standard at the first step is 'fairly lenient . . . and typically results in conditional certification of a representative class.'" *Id.* (quoting *Comer v. Walmart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006)). As a result, "the plaintiffs need only make a 'modest factual showing' that they are similarly situated to proposed class members." *Id.* (quoting *Comer*, 454 F.3d at 547).

Neither the FLSA nor the Sixth Circuit define "similarly situated." *Id.* (citing *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), abrogated on other grounds by *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016)). But this Court has held that plaintiffs are similarly situated "'when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs.'" *Id.* (quoting *O'Brien*, 575 F.3d at 585). *See also Slaughter v. RMLS Hop Ohio, L.L.C.*, No. 2:19-cv-3812, 2020 U.S. Dist. LEXIS 69772, at *6 (S.D. Ohio Apr. 21, 2020) (Sargus, J.). Courts generally consider "'whether potential plaintiffs were identified; whether

4

affidavits of potential plaintiffs were submitted; and whether evidence of a widespread . . . plan was submitted.'" *Smyers v. Ohio Mulch Supply, Inc.*, No. 2:17-cv-1110, 2019 U.S. Dist. LEXIS 1815, at *5 (S.D. Ohio Jan. 4, 2019) (Marbley, J.) (quoting *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 486 (S.D. Ohio Sept. 4, 2014)). However, the named plaintiff need not show a "unified policy" of violations, *O'Brien*, 575 F.3d at 584, or that his position is identical to those of other putative class members, *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867-68 (S.D. Ohio 2011) (Marbley, J.) (citing *Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). Further, courts "do[] not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility" when considering conditional certification. *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015) (citing *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011)). If conditional certification is granted, "plaintiffs are permitted to solicit opt-in notices, under court supervision, from current and former employees." *Cornell v. World Wide Business Servs. Corp.*, No. 2:14-cv-27, 2015 U.S. Dist. LEXIS 148191, at *4 (S.D. Ohio Nov. 2, 2015) (Deavers, M.J.).

The second step, final certification, is conducted after discovery concludes. At that point, the Court "examine[s] more closely the question of whether particular members of the class are, in fact, similarly situated." *Comer*, 454 F.3d at 547. The court "has much more information at this point upon which to base its decision of whether the proposed plaintiffs are similarly situated. . . ." *Smyers*, 2019 U.S. Dist.

5

LEXIS 1815, at *3-5. Consequently, a much "stricter standard" is employed for final certification. *Comer*, 454 F.3d at 547.

Describing the above-described procedure as "inappropriate," Converse asks the Court to apply the Fifth Circuit's decision in *Swales v. KLLM Transport Services, L.L.C.*, 985 F.3d 430, 441 (5th Cir. 2021) instead. Therein, the Fifth Circuit rejected the Sixth Circuit's established two-step conditional certification framework, holding instead that district courts should

> identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of "employees" is "similarly situated." And then it should authorize preliminary discovery accordingly. The amount of discovery necessary to make that determination will vary case by case, but the initial determination must be made, and as early as possible. In other words, the district court, not the standards from *Lusardi*[1], should dictate the amount of discovery needed to determine if and when to send notice to potential opt-in plaintiffs.

*Swales*, 985 F.3d at 441. This Court, like every other Sixth Circuit district court to have been so invited, declines Converse's invitation. *See Brewer v. All. Coal, LLC*, No. 7:20-CV-0041-DLB-EBA, 2021 WL 1307721, at *1 (E.D. Ky. Apr. 6, 2021); *Branson v. All. Coal, LLC*, No. 4:19-CV-00155-JHM, 2021 WL 1550571, at *3 (W.D. Ky. Apr. 20, 2021); *Holder v. Home Care & Training Ctr., LLC*, No. 1:20-CV-757, 2021 WL 3400654, at *6 (S.D. Ohio Aug. 4, 2021) (McFarland, J.); *Gambrell v.*

---

[1] *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), established the two-step process embraced by the Sixth Circuit in *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 545 (6th Cir. 2006) and *Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (6th Cir. 2017).

6

*Rumpke Transportation Co. LLC*, No. 1:20-CV-00801, 2021 WL 4453632, at *1 (S.D. Ohio Sept. 29, 2021) (Barrett, J.). *Comer's* two-step model will govern here.

The Court denies Converse's request that the Court certify this Opinion and Order for immediate interlocutory appeal under 28 U.S.C. § 1292(b). "Allowing for interlocutory appeal is generally disfavored and should be applied sparingly, in only exceptional cases." *DRFP, LLC v. Republica Bolivariana De Venez.*, 945 F. Supp. 2d 890, 917 (S.D. Ohio 2013) (Sargus, J.). This is not an exceptional case. Converse's request is **DENIED**. (ECF No. 15, PageID 169.)

### III.  ANALYSIS

#### A. Similarly Situated

Jones alleges Converse's pay policies and procedures involving cell phones and lunch breaks violate the FLSA and parallel Ohio statutes. (ECF No. 1.) He also alleges that those policies and procedures harmed a collective class of Converse's employees. *Id.* The FLSA provides for collective action under § 216(b), which states in part:

> Any employer who violates the provisions of [29 U.S.C. §§ 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . .An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

Jones seeks § 216(b) certification of the following class:

> All current and former hourly, non-exempt electricians/electrical technicians, electrical superintendents, electrical foreman, warehouse associates, and pre-fab employees of Defendant whose payroll records reflect that they worked forty (40) or more hours in any workweek during the three (3) years preceding the filing of this Motion and continuing through the final disposition of this case.

(ECF No. 11, PageID 72.)

Jones satisfies his modest burden under the fairly lenient standard at the conditional certification stage. He identifies a class of hourly employees that perform electrical work and states under penalty of perjury that these employees were subject to companywide policies that artificially deflated overtime compensation. (ECF No. 11-1.) These employees were regularly undercompensated and were not paid for all hours worked. *Id*.

Converse raises several arguments in opposition to that determination. Each is unsuccessful. First, Converse offers the declarations of Chris Converse, its President, and Jennifer Hunt, its Human Resource Manager, to assert that Jones is not similarly situated to the putative class because not all employees: (1) receive cell phone reimbursements; (2) had the same lunch schedule; and (3) report their time in the same manner. (ECF No. 15, PageID 170-173; ECF Nos. 15-1, 15-2.) Next, Converse argues the merits. Specifically, Converse asserts that the FLSA permits its cell phone reimbursement policy. Converse also argues that Jones's failure to notify Converse about missed lunch periods despite the FLSA's requirement that he do so prohibits Converse from being found liable for this aspect of his FLSA claim. (ECF No. 15, PageID 173-176.) Thirdly, Converse argues that

the Court cannot consider the declarations of Jones, Geanis, and Giddens because they are not based on personal knowledge. (ECF No. 15, PageID 177-79.)

"[T]he Court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations at this stage of the proceedings." *Cowan v. Nationwide Mut. Ins. Co.*, No. 2:19-cv-1225, 2019 U.S. Dist. LEXIS 164312, *18 (S.D. Ohio 2019) (Morrison, J.) (quotations omitted); *see also Hamm v. Southern Ohio Med. Ctr.*, 275 F. Supp. 3d 863, 876 (S.D. Ohio 2017) (Black, J.) (explaining that "the Court is not permitted to weigh the parties' competing evidence at this juncture"). Thus, the Court will not resolve the factual disputes that Converse attempts to create by submitting competing declarations or the substantive issues Converse raises regarding the FLSA's application to this case. Regarding hearsay, Jones, Geanis, and Giddens each aver that they have personal knowledge of Converse's pay practices as to hourly employees based upon their individual interactions with other Converse employees. (ECF No. 11-1, ¶ 5; ECF No. 11-2, ¶ 4; ECF No. 12-1, ¶ 6.) These statements overcome Converse's hearsay objection at this early stage. *See Bailey v. Black Tie Mgmt. Co. LLC*, No. 2:19-CV-1677, 2019 WL 5884353, at *4 (S.D. Ohio Nov. 12, 2019) (Sargus, J.) (finding similar affidavits sufficient in FLSA conditional certification context).

In sum, the Court determines that Jones sustains his modest burden of establishing that he is similarly situated to the proposed collective members. The following class is hereby conditionally certified as a FLSA collective under § 216(b):

> All current and former hourly, non-exempt electricians/electrical technicians, electrical superintendents, electrical forem[e]n,

9

> warehouse associates, and pre-fab employees of Defendant whose payroll records reflect that they worked forty (40) or more hours in any workweek during the three (3) years preceding the filing of this Motion and continuing through the final disposition of this case.

### B. Lookback Period

As noted above, Jones alleges Converse willfully violated the FLSA. (ECF No. 1.) Willful violations permit a three-year limitations period instead of the normal two. 29 U.S.C. § 255(a); *see also Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 842 (6th Cir. 2002). A FLSA violation is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

Converse urges the Court to apply a two-year limitation here because Jones fails to present "any evidence to suggest any willful violation of the FLSA by Converse." (ECF No. 15, PageID 180.) The Court will not do so because whether Converse's alleged FLSA violations are "willful" is a question better suited for a later stage of the litigation, when discovery has occurred. *See Smith v. Generations Healthcare Servs. LLC*, No. 2:16-CV-807, 2017 U.S. Dist. LEXIS 106583, at *16-17 (S.D. Ohio July 11, 2017) (Marbley, J.). As such, the Court will apply a three-year limitations period for purposes of notice. *See Stanley v. Turner Oil & Gas Props.*, No. 2:16-cv-386, 2017 WL 127481, at *9 (S.D. Ohio Jan. 13, 2017) (Graham, J.) (using three-year limitations period for willful violations at notice stage).

10

### C. Notice

#### 1. Form

Conditional certification under the FLSA "does not produce a class with an independent legal status, or join additional parties to the action." *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013). Rather, it "simply allows the sending of court-approved written notice to employees who must then affirmatively opt in to the litigation." *Taylor v. Pilot Corp.*, 697 F.App'x 854, 860 (6th Cir. 2017) (citation omitted). As such, "[o]nce a court determines that plaintiffs have met their burden for initial class certification, the court may grant court-authorized notice informing potential plaintiffs of their opportunity to opt into the lawsuit." *Kucker v. Petco Animal Supplies Stores, Inc.*, No. 14-cv-9983 (DF), 2016 U.S. Dist. LEXIS 6416, at *26-27 (S.D. N.Y. Jan. 19, 2016) (citation omitted).

"[C]ourt-supervised notice is the preferred method for managing the notification process for several reasons: it avoids 'multiplicity of duplicative suits;' it allows the court to set deadlines to advance the disposition of an action; it furthers the 'wisdom and necessity for early judicial intervention' in multi-party actions; and it protects plaintiffs' claims from expiring under the statute of limitations." *Lynch v. United Servs. Auto. Assn.*, 491 F.Supp.2d 357, 367 (S.D. N.Y. 2007) (quoting *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 171-72 (1989)). Once conditional certification has been granted, sending notice as soon as possible is important in a FLSA collective action because the statute of limitations continues to run until individuals affirmatively opt-in to the action. *Struck v. PNC Bank N.A.*,

931 F. Supp. 2d 842, 845 (S.D. Ohio 2013) (Marbley, J.). Court-authorized notice of a collective action under the FLSA must be "timely, accurate, and informative." *Id.* at 172.

Jones seeks approval of his proposed Notice and Consent to Join Form which are attached as an exhibit to his Motion. (ECF No. 11-3.) The Notice contains basic information about the lawsuit, who may opt-in to the lawsuit, and the timing and manner in which to do so. *Id.* The Consent Form states that the signatory consents to be a party plaintiff in the collective action and agrees to be represented by the law firm of Coffman Legal, LLC and Bryant Legal, LLC. *Id.* The Consent Form also specifies that the signatory understands that he or she will be bound by any settlement reached or judgment entered in the matter. *Id.*

Converse argues that the Notice improperly states that any Converse employee who worked more than forty-hours a week is eligible to participate. (ECF No. 15, PageID 181.) Converse asserts that the Notice should instead specify that any Converse employee who worked more than forty-hours a week *and* who was "not paid for all compensable time or w[as] not paid the proper overtime rate because of one of the two specific factual scenarios Plaintiffs allege" is eligible. *Id.* Converse further contends the Notice improperly omits that Converse must "have knowledge of the Plaintiffs' activities for which they did not receive compensation." (ECF No. 15, PageID 181.) Jones replies that both of Converse's contentions "attempt to resolve factual disputes and insert merit-based positions that would only chill participation." (ECF No. 16, PageID 210) (citing *Farmer v. LHC Grp., Inc.*,

12

No. 2:20-CV3838, 2020 WL 7416946, at *5–6 (S.D. Ohio Dec. 18, 2020) (Graham, J.)).

The Court finds Jones's response persuasive. Including Converse's language regarding underpayment serves only to inject confusion into the minds of putative members as to their eligibility when the FLSA's remedial purpose is designed to apply to as many wronged workers as possible. *Monroe*, 860 F.3d at 396. And, many workers are unaware that they are or were being underpaid. As to Converse's knowledge argument, the Court determines such language would have a similar chilling effect on participation while simultaneously improperly invoking merits-based issues.

The Court previously approved FLSA notice language similar to that proposed by Jones. *See Cockrell v. Spring Home Health Care, LLC*, No. 21cv-346, ECF No. 9; *see also Cowan v. Nationwide Mutual Insurance Company*, No. 19cv-1225, ECF No. 37; *see also Young v. I Love this Bar, LLC, et al.*, No. 20cv-3971, ECF No. 36. The Court finds the proposed Notice to be timely, accurate, and informative. The Notice and Consent to Join Form are approved.

### 2. Methods of Delivery

Jones seeks to send the Notice and Consent Form to putative collective members via U.S. mail and e-mail. (ECF No. 11.) Converse does not object to those forms of delivery. (ECF No. 15.) The Court therefore directs Jones to utilize both methods of distribution for the Notice and Consent to Join Form.

**D. Roster**

Jones requests an order requiring Converse to produce an electronic and importable roster of current and former employees fitting the proposed class definition within fourteen days of this Order to include names, dates of employment, positions of employment, last known mailing addresses, and last known e-mail addresses. (ECF No. 11.) Converse neither objects to this request nor indicates that it is unable to provide the requested information within fourteen days.

Accordingly, the Court orders Converse to produce the names, dates of employment, positions of employment, last known mailing addresses, and last known e-mail addresses of the putative class members to Plaintiffs' counsel in an electronic and importable format within fourteen days of this Order.

## V. CONCLUSION

Plaintiff's Motion for Conditional Certification and Court-Authorized Notice (ECF No. 11) is **GRANTED**. The Court hereby conditionally certifies the following class:

> All current and former hourly, non-exempt electricians/electrical technicians, electrical superintendents, electrical forem[e]n, warehouse associates, and pre-fab employees of Defendant whose payroll records reflect that they worked forty (40) or more hours in any workweek during the three (3) years preceding the filing of this Motion and continuing through the final disposition of this case.

Converse is **ORDERED** to provide Plaintiffs' counsel, within fourteen (14) days of this Opinion & Order, a roster of all potential opt-in plaintiffs that includes

14

their names, dates of employment, positions of employment, last known mailing addresses, and last known e-mail addresses.

The Notice and Consent to Join Form shall be sent to the potential opt-in plaintiffs within fourteen days of receipt of the roster using their home and e-mail addresses.

**IT IS SO ORDERED**.

<u>/s/Sarah D. Morrison</u>
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**