UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LONNIE JONES**, on behalf of himself and others similarly situated, | Case No. 2:21-cv-01830 |
| Plaintiff, | Judge Sarah D. Morrison |
| v. | Magistrate Judge Chelsey M. Vascura |
| **CONVERSE ELECTRIC, INC.**, | |
| Defendant. | |

### *ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE*

Named Plaintiff Lonnie Jones ("Named Plaintiff" or "Representative Plaintiff"), on behalf of himself and others (collectively, "Plaintiffs"), and Defendant Converse Electric, Inc. ("Defendant") (collectively, the "Parties") have moved this Court to approve the settlement of claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and to approve the terms of their proposed settlement agreement (the "Agreement"). (ECF Nos. 31 and 31-1.)

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union,*

*United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA settlement).

Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mechanical, Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

Having reviewed the Agreement, the Parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice ("Motion"), and the declaration of Daniel I. Bryant, and for good cause established therein, the Court hereby approves the settlement of the FLSA claims as provided in the Agreement as follows:

1. Unless otherwise defined, all terms in this Order have the same meaning as defined in the Agreement.

2. On April 14, 2021, Representative Plaintiff filed a Collective and Class Action Complaint alleging that Defendant violated the FLSA and mirrored Ohio state wage

2

and hour claims by failing to pay Representative Plaintiff and other similarly situated employees adequate overtime compensation due to (1) Defendant not paying them for 30 minutes per for a meal period even though they were allegedly interrupted and/or missed due to job duties performed for Defendant; and (2) Defendant not including additional remuneration in the form of cell phone reimbursements into their regular rate of pay for purposes of calculating their overtime rates. (ECF No. 1, Compl., PAGEID # 4-7.)

3. On June 11, 2021, Defendant filed its Answer in which it denied that it violated the FLSA and Ohio law. It also raised a variety of affirmative defenses and claimed that its conduct was done in good faith. (ECF No. 3, Answer, PAGEID # 48.)

4. On August 3, 2021, Representative Plaintiff filed his Pre-Discovery Motion for Conditional Certification and Court-Supervised Notice ("Motion for Conditional Certification") to all current and formerly hourly, non-exempt electricians/electrical technicians, electrical superintendents, electrical foreman, warehouse associates, and pre-fab employees. (ECF No. 11, PAGEID # 74.) On September 7, 2021, Defendant opposed the Motion for Conditional Certification (ECF No. 15) and Plaintiff filed his Reply. (ECF No. 16.)

5. On October 29, 2021, the Court granted Plaintiff's Motion for Conditional Certification. (ECF No. 17.) Thereafter, Plaintiff commenced the 90-day notice period whereby notice was mailed and emailed to approximately 113 putative class members. (Daniel I. Bryant Decl., ECF No. 31-2, ¶ 19.) On February 28, 2022, the 90-day notice period ended and a total of eight individuals opted into the lawsuit between

3

Representative Plaintiff's initial efforts and the formal notice process for a total FLSA Collective Class of nine individuals. (*Id.*)

6. On December 9, 2021, a First Amended Complaint was filed and Defendant filed its Answer, whereby it continued to deny Plaintiff's allegations, raise affirmative defenses, and assert that Plaintiff was not entitled to any compensation. (ECF Nos. 20 and 21.)

7. On or about June 7, 2022, the Parties commenced settlement communication focused on the 9 individuals. As part of these negotiations, Defendant provided wage and hour data for Plaintiffs, including payroll and time records for the period of April 14, 2018 through May 29, 2022, which was the latest pay period that covered the data. Plaintiff's Counsel engaged a Masters-level consultant to assist them in analyzing these documents to approximate a damages model and present a demand to Defendant. (Bryant Decl., ECF No. 31-2, ¶ 21.)

8. The Parties continue to disagree about aspects of the case, including whether the meal periods were interrupted with job duties, whether overtime compensation was owed, whether Defendant was required to include the additional remuneration into the regular rate of pay, whether liquidated damages are appropriate, and whether a two- or three-year statute of limitations is applicable. (*Id.*, ¶ 15.)

9. There is no indication that the settlement was reached by anything other than arms' length and good faith negotiations over the course of several months between the Parties and their counsel, who have extensive experience litigating FLSA and state wage and hour claims. The Settlement will avoid expensive litigation for both sides, including formal discovery, dispositive motions, trial, and possible appeals. Although

the parties did not engage in formal discovery, Defendant provided Plaintiff's counsel with certain information that informed Plaintiff's counsel's damages analysis.

10. After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute pursuant to § 216(b) of the FLSA. 29 U.S.C. § 216(b).

11. Although the parties dispute both the existence and amount of unpaid overtime, based upon Representative Plaintiff's calculations, individual settlement payments reflect the value of 60 minutes of allegedly unpaid work per week, or 66.9% of the maximum alleged unpaid work, during the applicable Relevant Time Period. (Bryant Decl., ECF No. 31-2, ¶ 27-28.)

12. The recovery in wage and hour cases is often 7-11%. *See Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1609, 2010 WL 776933, at *8 (N.D. Ohio Mar. 8, 2010); *Yorba v. Barrington Sch., LLC*, No. 2:21-CV-691, 2022 WL 2436952, at *5 (S.D. Ohio July 5, 2022) (Sargus, J.); *Smith v. SAC Wireless, LLC*, No. CV 20-10932, 2022 WL 1744785, at *3 (E.D. Mich. May 31, 2022) (Parker, J.). Given that 66.9% of the maximum alleged unpaid work overwhelmingly exceeds a 7-11% recovery, these payments are reasonable. *See Harsh v. Kalida Mfg., Inc.*, No. 3:18-CV-2239, 2021 WL 4145720, at *2-9 (N.D. Ohio Sept. 13, 2021) (Helmick, J.) (calling a recovery of 42% of the alleged overtime damages "substantial relief"); *Vigna*, 2016 WL 7034237, at *2 (S.D. Ohio Dec. 2, 2016) (Dlott, J.) (approval of FLSA settlement where individual payments represented 55% of wages alleged owed).

13. Moreover, the Court approves the requested attorneys' fees in the amount of $9,000.00, which represent one-third of the total settlement amount, as reasonable and

5

is a typical percentage when attorneys seek a percentage of the fund. *See Adams v. Frontier R.R. Servs., LLC*, No. 2:19-CV-808, 2020 WL 9936704, at *2 (S.D. Ohio June 15, 2020) (finding attorneys' fees in the amount of one-third of the total settlement amount are reasonable); *Campbell v. Wise Med. Staffing, Inc.*, No. 2:18-CV-00493, 2020 WL 9259704, at *2 (S.D. Ohio Feb. 21, 2020) (Morrison, J.) (same); *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *7-8 (S.D. Ohio Sept. 20, 2019) (Morrison, J.) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."))); *Bailey v. Black Tie Management Co, LLC*, No. 2:19-cv-1677, 2020 WL 4673163, at *5 (S.D. Ohio Aug. 12, 2020) (Sargus, J); *Perkins v. Evolved, Inc.*, No. 2:16-cv-724, 2017 WL 2987220, at *1 (S.D. Ohio June 13, 2017) (Graham, J.).

14. The Court also approves the requested reimbursement of out-of-pocket costs in the amount of $5,000.00 as outlined in the declaration submitted with the Motion. (Bryant Decl., ECF No. 31-2, ¶ 28.)

15. The Court orders that distributions to Plaintiffs, attorneys' fees, and expenses be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement and Motion.

16. The Court retains jurisdiction over this case to enforce the terms of the Settlement and the distributions of payments.

The Motion, ECF No. 31, is **GRANTED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**